IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERHAT GULBAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-296-K-BN |
| | § | |
| KRISTI NOEM, in her official capacity | § | |
| as Secretary of the Department of | § | |
| Homeland Security, ET AL., | § | |
| | § | |
| Respondents. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Serhat Gulbas filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, which remains pending. *See* Dkt. No. 1. Gulbas also filed a motion for temporary restraining order ("TRO"). *See* Dkt. No. 3. United States District Judge Ed Kinkeade referred Gulbas's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And, because Gulbas's TRO motion seeks ultimate relief – *i.e.*, "that the Court immediately grant his petition" and order "his immediate release from ICE custody, or in the alternative a prompt bond hearing," Dkt. No. 3 at 26 – the undersigned recommends that Court deny the TRO motion.

### Discussion

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of State of Fl. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)

(cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17-cv-595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio,* 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)). And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

"Specifically, a court cannot render ultimate relief sought in a habeas petition – releasing a detainee – in the form of a preliminary injunction or TRO." *Saechao v. Noem*, No. 3:26-cv-0624-X, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026) (citations omitted); *accord Cano Alvarez v. S. La. Processing Ctr.*, No. 26-696, 2026 WL 660752,

at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes." (citations omitted)).

## Recommendation

The Court should deny Petitioner Serhat Gulbas's motion for temporary restraining order [Dkt. No. 3].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 26, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE